**UNITED STATE DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Colleen Valliere, individually and on behalf of others similarly situated,

Plaintiff,

vs.

Lawrence General Hospital, Diana Richardson, and Laurel Sweeney,

Defendants.

Civil Action No. 1:25-cv-13770

# FIRST AMENDED COMPLAINT

Plaintiff, Colleen Valliere ("plaintiff" or "Mrs. Valliere"), on behalf of herself and all others similarly situated current and former employees, submits the following first amended class action complaint for violation of M.G.L. c.149, §148, *et seq.*, commonly known as the Massachusetts Wage Act (the "Wage Act") and breach of contract against Lawrence General Hospital, now known as Merrimack Health ("Lawrence General" or the "defendant", and together with Ms. Richardson and Ms. Sweeney, the "defendants"), for damages and declaratory relief.

This First Amended Complaint amends the complaint Mrs. Valliere filed in Essex County Superior Court that was removed to this court by adding a count for violation of the Fair Labor Standards Act, and adding a second count for violation of the Massachusetts Wage Act pertaining to a retroactive "true-up" payment made to Mrs. Valliere and those similarly situated in or about July 2025 for the time period back to October 1, 2024.

## PARTIES

1. Mrs. Valliere, a licensed registered nurse and a current employee of Lawrence General, is an individual residing at all relevant times at 4 Fiddlers Ridge Road, Londonderry, Rockingham County, New Hampshire 03053.

2. Lawrence General is a domestic hospital organized with the Secretary of the Commonwealth on December 28, 1875, and with a principal location at all relevant times at 1 General Street, Lawrence, Essex County, Massachusetts 01841. It operates multiple locations including the former Holy Family Hospitals in Methuen, Massachusetts and Haverhill, Massachusetts, and since September 2025 operates as Merrimack Health, Inc.

3. Diana Richardson is the current President of Lawrence General with an address of 1 General St., Lawrence, Essex County, MA 01841 according to records filed with the Secretary of the Commonwealth.

4. Laurel Sweeney is the current Treasurer of Lawrence General with an address of 1 General St., Lawrence, Essex County, MA 01841 according to records filed with the Secretary of the Commonwealth.

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367(c).

6. The Fair Labor Standards Act, 29 U.S.C. §201, et. seq, including §216(b) allows for a collective action to be brought.

7. The Wage Act expressly allows for a private right of action, and that such action may be brought by an aggrieved employee such as Mrs. Valliere both individually and on behalf of all others similarly situated. See M.G.L. c.149, §150.

8. Mrs. Valliere will file an unpaid wage complaint with the Massachusetts Attorney General, though it is not required before a lawsuit is filed. See *Depianti v. Jan-Pro Franchising International, Inc.,* 465 Mass. 607, 608 (2013). Such filing is ultimately required to place the Massachusetts Attorney General on notice so it can assess whether to pursue criminal action pursuant to M.G.L. c.149, §150.

## FACTUAL ALLEGATIONS

9. Mrs. Valliere is a current employee of Lawrence General working as a Registered Nurse R2 Maternity and who began working at Lawrence General in May 2008.

10. Mrs. Valliere was paid at a pay rate Lawrence General agreed to through a collectively bargained contract at all relevant times during her employment and with such rates of pay as expressly contained on pay charts that other than variations for steps and level did not vary.

11. During the last 6 years Mrs. Valliere was paid at a rate below the amount Lawrence General agreed to pay Mrs. Valliere pursuant to the collective bargaining agreement in effect for the hours she worked.

12. Mrs. Valliere contacted her union representatives who raised this issue with Lawrence General, and Lawrence General took the position such claims were outside of the scope of the collective bargaining agreements (CBA) in effect.

13. Regardless, Mrs. Valliere initiated a timely formal grievance for this pay shortfall within the time that she discovered it that is currently pending.

14. Such pay shortfall ranged from at least $12.00 per hour to $18.00 per hour and more depending on the shift worked and covering two CBAs. Under the applicable CBA, Mrs. Valliere was to be paid at the following rates of pay at her then-current step, versus what she was actually paid:

    a. May 2025 to May 2026 paid $58.07/hr., correct rate for Mrs. Valliere, for step 18, is $76.78/hr.

    b. May 2024 to May 2025 paid $53.30/hr., should have been $70.56/hr., at step 17.

    c. May 2023 to May 2024 paid $51.49/hr., should have been $67.93/hr., at step 16.

    d. May 2022 to May 2023 paid 48.77/hr., should have been $65.32/hr., at step 15.

    e. May 2021 to May 2022 paid $48.77/hr., should have been $62.81/hr., at step 14.

    f. May 2020 to May 2021 paid $47.81/hr., should have been $$66.22/hr., at step 13.

    g. May 2019 to May 2020 paid $45.81 & $45.50/hr., should have been $58.07/hr., at step 12.

15. The pay rates in the preceding paragraph are based on a 24-hour weekly schedule and do not include any overtime hours that were not correctly paid over several years.

16. The “should have been” pay rates in paragraph 14 are from pay rate tables in the applicable CBA that are clear, unambiguous, and not open to interpretation or variation other than for steps and year of the CBA.

17. On or about July 20, 2025, Mrs. Valliere received a payment from LGH representing “retro pay” that represented the difference between the pay rate she had been paid since October 1, 2024, through the date of payment versus the pay rate she should have been paid in the CBA.

18. By making this payment, LGH acknowledged that Mrs. Valliere, and those similarly situated, had been paid the incorrect rate of pay in the CBA.

19. Accordingly, the amount of pay for this "retro pay" time-period, and for all other time periods listed above, is not in dispute and therefore does not require interpretation of the applicable CBA but mere consultation of the appropriate CBA pay table pay rate.

20. Such pay shortfall are wages as defined under Massachusetts law including, but not limited to, G.L. c.149, §148, et seq., the so-called Massachusetts Wage Act ("Wage Act"), and to the extent federal law applies, such pay shortfall includes overtime wages as defined under the FLSA.

21. For the "retro pay", the only remaining issues are the timeliness of the payment and penalties and interest, which is governed by state law under the Wage Act. See *Lawless v. Steward Health Care Sys., Inc.,* 894 F.3d 9, 20-21 (2018).

22. By making the "retro pay" payment, LGH acknowledged it paid Mrs. Valliere and all others similarly situated incorrectly under the applicable CBA.

23. By making the "retro pay" payment LGH acknowledged that it must pay its employees per the applicable pay rate from the CBA, and such does not require interpretation of the CBA, only consultation of the appropriate pay rate table.

24. Such unpaid wages and unpaid wage law are not superseded by collective bargaining terms and because there is no dispute about the amounts Mrs. Valliere and those similarly situated were owed under the applicable CBA, only the timing of such payments and any liquidated damages, LMRA complete preemption is not triggered. *Id.,* see also *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 212 (1985) (Clearly, §301 does not grant the parties to a collective bargaining agreement the ability to contract for what is illegal under state law).

25. The unlawful detention of wages by failing to pay earned wages when due is illegal under Massachusetts law.

26. Ms. Richardson as President of Lawrence General and Ms. Sweeney as Treasurer of Lawrence General are both deemed Mrs. Valliere's employer pursuant to the express terms of the Wage Act in addition to Lawrence General.

27. Mrs. Valliere, for herself and on behalf of all other similarly situated employees, brings this action under the Wage Act, which expressly allows her to bring this action for herself and for others similarly situated, a/k/a/ as a class action. (See, M.G.L. c. 149, §150).

28. On behalf of the class, Mrs. Valliere seeks an injunction requiring Lawrence General to cease all unlawful detention of earned wages earned by employees, seeks payment of actual damages for each such former employee, and payment of triple such damages as liquidated damages, together with attorney's fees and costs as mandated under the Wage Act and/or common law for herself and for all others similarly situated for the previous three years for

Wage Act damages (see *Reuter v. City of Methuen,* 489 Mass. 465 (2022)), and more than three and up to six years for all other employment contract damages. See *Lipsitt v. Plaud,* 466 Mass. 240 (2013).

29. Pursuant to the Wage Act, Mrs. Valliere was entitled to be paid all of her earned wages owed to her by the next regular pay day, which Lawrence General did not do.

30. Although LGH rectified Mrs. Valliere's (and presumably all others similarly situated) incorrect rate of pay retroactive to October 1, 2024, she is still entitled to damages for this late payment under the Wage Act.

31. An employer who violates the Wage Act is strictly liable for actual damages plus three times the amount of wages and other benefits owed as liquidated damages, for any lost wages and other benefits, in addition to costs and reasonable attorney's fees. *Reuter v. City of Methuen*, 489 Mass. 465, 466 (2022).

32. In addition, the Massachusetts attorney general may make complaint or seek indictment against any person for a violation of the Wage Act.

33. The Wage Act is unambiguous regarding the promptness with which employees shall be paid earned wages, stating: "…any employee discharged from such employment shall be paid in full on the day of his [or her] discharge…" and further stating: "…any employee leaving his [or her] employment shall be paid in full on the following regular pay day, and, in the absence of a regular pay day, on the following Saturday…"

34. The remedy for violations of the Wage Act is explicit, found in §150: the employee "…shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits."

35. The Wage Act in §150 is also clear that an aggrieved employee may bring an action within 3 years after the violation "…for herself and for others similarly situated…".

36. Mrs. Valliere may also seek damages under the common law more than 3 years but within 6 years of the violation. See *Lipsitt v. Plaud,* 466 Mass. 240 (2013) for single damages.

37. Lawrence General violated the Wage Act and the common law when it failed to pay Mrs. Valliere "in full" all of her earned wages and other benefits by the next regular pay day. Such violations entitle Mrs. Valliere, both individually and on behalf of all others similarly situated, to statutory, liquidated, and other damages.

**CLASS ACTION ALLEGATIONS**

38. M.G.L. c.149, §150 expressly allows a party aggrieved by a violation of the Wage Act to bring an action on behalf of herself and for all others similarly situated, and Mrs. Valliere seeks to proceed on such a basis.

39. In addition, pursuant to the provisions of Rule 23 of the Massachusetts Rules of Civil Procedure and G. L. c. 149, §150, plaintiff brings this action on behalf of herself and on behalf of all others similarly situated, in a class defined as:

    a. "All current and former employees of Lawrence General who were not paid pursuant to the then-current CBA rates for all hours worked, and thus not paid all earned wages in full, within 7 days of the end of the pay period."

40. Certification of plaintiff's claims for class-wide treatment is appropriate because plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

41. Numerosity. The Class is so numerous that individual joinder of all Class members is impracticable. Plaintiff is informed and believes that there are at least 30 or more current employees who were not paid within 7 days of the end of the pay period, and/or former employees affected by the defendants' unlawful conduct within the past 6 years. The precise number of Class members and their addresses are unknown to Mrs. Valliere but may be ascertained from the Lawrence General payroll and personnel records, which they are obligated by Massachusetts law to maintain. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

42. Commonality and Predominance. This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members, to wit, the timing of earned wages paid required by the Wage Act. All Class members were subject to the same unlawful detention of earned wages complained of by Mrs. Valliere.

43. Furthermore, common questions of law and fact include, but are not limited to:

    a. Whether Defendant's conduct as alleged herein violates the Massachusetts Wage Act, G. L. c. 149, §148, *et seq*.; and

    b. Whether plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief, and statutory relief via the Wage Act.

44. Typicality. Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all Class members were similarly injured through the uniform misconduct described herein and all Class members have the same claim, i.e., that defendant's manner of wrongfully detaining earned wages of current and former employees by paying them at a rate of pay below the rate agreed to violates the Commonwealth's employment laws.

45. Adequacy of Representation. Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other members of the Class she seeks to represent; she has retained counsel competent and experienced in class action litigation and

wage and hour litigation; and plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by plaintiff and her counsel. Moreover, the Wage Act expressly allows an individual who claims to have been aggrieved by his or her former employer to bring an action for violation of the Wage Act on behalf of themselves and all others similarly situated. See G. L. c. 149, §150.

46. Similarly Situated and Injured Persons. The proposed Class consists of persons who were employed by Lawrence General and who suffered the same injury as the plaintiff and who, for the reasons stated above, are similarly situated to each other and to the plaintiff.

47. Superiority. A class action is superior to any other available methods for fairly and efficiently adjudicating this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against defendant making it impracticable for Class members to individually seek redress for defendant's wrongful conduct.

48. Even if the Class members could afford individual litigation, the court system could not. Individualized litigation creates potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CAUSES OF ACTION

### COUNT I
### Violations of the Massachusetts Wage Act—G.L. c.149, §148, et. seq

49. Plaintiff incorporates by reference the allegations in all preceding paragraphs as though each were fully set forth herein.

50. The Wage Act mandates the timely payment of earned wages and other benefits to all employees and mandates the recovery of triple damage as liquidated damages plus costs and reasonable attorney's fees for any violation.

51. The Wage Act further mandates that all earned wages and other benefits must be paid to employees no later than 7 days from the end of the pay period.

52. Despite having earned wages and other benefits through each pay period, Mrs. Valliere and all similarly situated employees did not receive all of their respective earned wages at the rate Lawrence General agreed to pay, and other benefits, within the timeframe proscribed by the Wage Act.

53. Such payment shortfall includes a shortfall of overtime pay for those that worked overtime.

54. The Wage Act expressly states that payment of wages earned and due to an employee cannot be modified by contract, and any such agreement is void.

55. The Wage Act further expressly states that the payment of wages after they are "due and owing" is not a defense to an action initiated under the Wage Act.

56. The foregoing acts and omissions of the defendants constitute a violation(s) of the Wage Act.

57. The Wage Act states in pertinent part that: "…any employee discharged from such employment shall be paid in full on the day of her discharge" and also states: "any employee leaving her employment shall be paid in full on the following regular pay day, and, in the absence of a regular pay day, on the following Saturday".

58. The Wage Act further states: "Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week… ."

59. The word "wages" shall include any holiday or vacation payments due to an employee under an oral or written agreement.

60. When LGH paid Mrs. Valliere and others similarly situated the "retro pay" payment on or about June 20, 2025, it acknowledged the correct pay rate under the applicable CBA and that determining such correct pay rate did not require interpretation of the CBA but only consultation by way of consulting the proper pay chart in the applicable CBA and paying employees the correct pay chart amount.

61. As such, all prior years outlined in paragraph 14 above will require the same consultation of the applicable CBA.

62. Defendant failed to pay all earned wages and other benefits due to plaintiff and the proposed class members in the proper time frame required by the Wage Act.

63. The Wage Act is a strict liability statute that mandates the recovery of three times of the wages and other benefits earned but not paid on the date proscribed as liquidated damages, plus costs and reasonable attorney's fees. See *Reuter v. City of Methuen*, 489 Mass. 465 (2022).

64. The Wage Act contains criminal penalties that makes violation of the Wage Act illegal under Massachusetts law, and thus makes any claim of LMRA preemption improper. See *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 212 (1985).

65. As a result of the foregoing actions, the Defendant violated the Wage Act, entitling Mrs. Valliere and those employees similarly situated, to actual damages, triple damages as liquidated damages, plus the costs of the litigation and reasonable attorneys' fees.

**COUNT II**
**Common Law Breach of Contract—Employment**

66. Plaintiff incorporates by reference the allegations in all preceding paragraphs as though each were fully set forth herein.

67. Damages for failure to pay all earned wages are not limited to those set forth in the Wage Act but also include common law breach of contract for actual single damages suffered that occurred more than 3 years and up to 6 years ago.

68. Defendants did not pay Mrs. Valliere and those employees and former employees similarly situated all wages they earned because they were paid at a rate of pay less than Defendants were contractually obligated to pay under the CBA then in effect.

69. As a result of the foregoing, Mrs. Valliere and those employees or former employees similarly situated suffered unpaid wages older than three years and up to six years from the date this complaint was filed are entitled under common law contract (single damages) for all such violations. See *Lipsitt v. Plaud,* 466 Mass. 240 (2013).

**COUNT III**
**Violations of the Massachusetts Wage Act for "Retro Pay" Payment—G.L. c.149, §148, et. seq**

70. Plaintiff incorporates by reference the allegations in all preceding paragraphs as though each were fully set forth herein.

71. On or about June 20, 2025 Plaintiff and all others similarly situated received "retro pay" covering the period from October 1 2024 through that pay date that represented the difference between the pay rate they had been paid during that time and the correct pay rate they should have been paid during that time.

72. There is no dispute as to what the correct pay rate for Mrs. Valliere and all others similarly situated was based on the applicable CBA for the time periods outlined in paragraph 14 and that such determination requires consultation, and not interpretation, of said CBA.

73. There is no dispute the "retro pay" payment made on or about June 20, 2025 was not a timely payment relative to when the correct pay rate under the applicable CBA should have been paid under the Wage Act.

74. Defendant failed to pay all earned wages and other benefits due to plaintiff and the proposed class members in the proper time frame required by the Wage Act.

75. The Wage Act is a strict liability statute that mandates the recovery of three times of the wages and other benefits earned but not paid on the date proscribed as liquidated damages, plus costs and reasonable attorney's fees. See *Reuter v. City of Methuen*, 489 Mass. 465 (2022).

76. As a result of the foregoing actions, the Defendant violated the Wage Act, entitling Mrs. Valliere and those employees similarly situated, triple damages as liquidated damages, plus the costs of the litigation and reasonable attorneys' fees.

**COUNT IV**
**Violation of FLSA – Overtime Pay**
**(plead in the alternative)**

77. Plaintiff incorporates by reference the allegations in all preceding paragraphs as though each were fully set forth herein.

78. The FLSA governs both the payment of minimum wage and overtime and contains express provisions that cannot be preempted by other federal law that runs counter to these protections.

79. To the extent that the court determines federal law applies to any of this dispute, those improper payments outlined in paragraph 14 that constituted overtime pay are properly governed by the FLSA and not preempted by the LMRA.

80. Mrs. Valliere and all those similarly situated were paid hourly, not a salary, as outlined in paragraph 14, and as such Mrs. Valliere and all those similarly situated are non-exempt for purposes of the FLSA.

81. Mrs. Valliere and all those similarly situated worked overtime during the time period outlined in paragraph 14 yet did not receive the full overtime pay they were entitled to because they were paid at a rate of pay less than what was called for under the applicable CBA.

82. As a result, Mrs. Valliere and all those similarly situated are entitled to the full amount of overtime wages, plus liquidated damages, attorney's fees and costs as a collective action for those that opt-in.

**PRAYERS FOR RELIEF**

**WHEREFORE**, Mrs. Valliere, both for herself and for all others similarly situated, respectfully requests that judgment enter against the Lawrence General and order the following relief:

A. Enter an order certifying the Class as requested herein and as expressly permitted by G.L. c. 149, §150;

B. Enter an order enjoining the defendants from continuing to engage in the unlawful conduct alleged herein;

C. Enter an order finding the defendants violated the Wage Act and award Mrs. Valliere and all others similar situated, a/k/a each member of the proposed class, their actual damages, plus triple damages as liquidated damages for any lost wages and other benefits, plus costs, statutory interest, and reasonable attorney's fees as per the terms of the Wage Act, plus any other further relief expressly granted under the Wage Act or under the law of the Commonwealth as the court deems just and equitable;

D. Enter an order finding the defendants violated the Wage Act and award Mrs. Valliere and all others similar situated, a/k/a each member of the proposed class, triple damages as liquidated damages for any lost wages and other benefits, plus costs, statutory interest, and reasonable attorney's fees as per the terms of the Wage Act, plus any other further relief expressly granted under the Wage Act or under the law of the Commonwealth as the court deems just and equitable for all wages LGH paid as "retro pay" payments;

E. Enter an order finding the defendant violated contract law for failure to pay all earned wages for all such violations older than three years and up to six years from the date this complaint was filed and award single damages;

F. Alternatively, should the court find any of the claims asserted herein are covered by federal law, allow a collective action to proceed and award damages, plus liquidated damages, plus attorney's fees and costs for all unpaid overtime wages all pursuant to the FLSA; and

G. Such other and further relief as the Court may deem just and equitable under the law.

Dated: February 26, 2026

RESPECTFULLY SUBMITTED,
Colleen Valliere, individually and on behalf of all others similarly situated,

By their Attorneys,
THE JACOBS LAW, LLC

/s/ Anthony S. Augeri

Anthony S. Augeri, BBO# 648696
Travis J. Jacobs, BBO# 671921
1359 Hancock Street, Suite 10
Quincy, MA 02169
Tel: (800) 652-4783
Email: AAugeri@TheJacobsLaw.com

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on this 26th day of February 2026 including the following counsel of record for the defendants:

Anthony D. Rizzotti
Stephen Melnick
Vanessa M. Cohn
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
arizzotti@littler.com
smelnick@littler.com
vcohn@littler.com

/s/ Anthony S. Augeri
Anthony S. Augeri, BBO# 648696